IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 06-20021-12-KHV |
| ALBERTO PEREZ-JACOME, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER

On May 26, 2006, a grand jury returned a 21-count indictment which in part charged Alberto Perez-Jacome with (1) conspiracy to possess with intent to distribute marijuana, more than 50 grams of methamphetamine and more than 500 grams of cocaine; (2) distributing more than five grams of methamphetamine; (3) possessing 50 grams or more of methamphetamine with intent to distribute; (4) possessing 500 grams or more of cocaine with intent to distribute; (5) possessing marijuana with intent to distribute; and (6) receipt of firearms by a person who is not a citizen or national of the United States. See Second Superseding Indictment (Doc. #170).  Law enforcement officers discovered part of the drugs and firearms while executing an arrest warrant for Hector Moreira, who was at defendant's residence on April 29, 2006.  On January 12, 2007, the Court overruled defendant's motion to suppress.  See Memorandum And Order (Doc. #263).  This matter is before the Court on defendant's Motion To Alter Or Amend Judgment Pursuant To Rule 59(e) (Doc. #264) filed January 17, 2007.  For reasons set forth below, defendant's motion is sustained in part.

### Analysis

Defendant correctly points out that in the Court's order on his motion to suppress, the following

finding of fact is erroneous:

> On April 29, 2006, the confidential informant who made the controlled purchase from Moreira's cousin on April 18 told officers that he had purchased narcotics from Moreira at a residence at 1814 Bunker Avenue in Kansas City, Kansas some three times in the past week – including the previous day, April 28.

Memorandum And Order (Doc. #263) at 3. Instead, the finding of fact should read as follows:

> On April 29, 2006, the confidential informant who made the controlled purchase from Moreira's cousin on April 18 told officers that *he had seen* Moreira at a residence at 1814 Bunker Avenue in Kansas City, Kansas some three times in the past week – including the previous day, April 28.

In other words, the confidential informant told officers that he had seen Moreira at the residence – not that he had purchased drugs from Moreira at the residence – some three times in the prior week. The correction, however, does not alter the Court's ruling on defendant's motion to suppress.[1] In the order on defendant's motion, the Court noted as follows:

> Here, officers had a reasonable belief that Moreira lived in the residence at 1814 Bunker: (1) a confidential informant told officers that he had purchased narcotics from Moreira at the residence on three occasions with the most recent purchase on April 28, 2006 and (2) shortly after officers received the tip, they saw defendant and Moreira pull up to the residence in a maroon van and go inside the residence.

Memorandum And Order (Doc. #263) at 5. In light of the erroneous factual finding discussed above, this

---

[1] The testimony at the hearing on the motion to suppress did not indicate the purpose of the three meetings between the confidential informant and Moreira. In context, it appears that the confidential informant probably purchased narcotics or delivered money to Moreira on these occasions. For purposes of defendant's motion, however, the mere fact that the confidential informant saw Moreira at the residence on three occasions that week is sufficient.

In addition, the Court stated that on January 10, 2006, Terri Burford made a controlled purchase from Moreira. Although defendant did not raise the issue in his motion, the testimony of Agent Valdez on this issue is not clear. It appears that a confidential source, not Burford, actually made this purchase. Any factual error on this issue, however, is immaterial to the ruling on defendant's motion to suppress. The amended memorandum and order filed contemporaneously with this order corrects the error.

same passage should read as follows:

> Here, officers had a reasonable belief that Moreira lived in the residence at 1814 Bunker: (1) a confidential informant told officers that *he had seen* Moreira at the residence on three occasions *including the previous day,* April 28, 2006 and (2) shortly after officers received the tip, they saw defendant and Moreira pull up to the residence in a maroon van and go inside the residence.[2]

Defendant argues that the Court relied in large part on the erroneous fact that the informant observed Moreira *engage in wrongdoing* on three occasions at the residence. The Court disagrees. The Court cited Illinois v. Gates, 462 U.S. 213, 230, 234 (1983), primarily for the proposition that an informant's basis of knowledge is a critical factor to determine the reliability of a tip. See Memorandum And Order (Doc. #263) at 6. The Court recognizes that its parenthetical citation to Gates included the statement that "an informant's detailed description *of wrongdoing* observed first-hand entitles a tip to greater weight." Id. (emphasis added). In the context of this case, however, the critical fact which entitled the tip to greater weight was that the confidential informant personally observed Moreira at the residence. Because Moreira already had an outstanding arrest warrant, whether he committed further wrongdoing was only of marginal relevance. Given the informant's basis of knowledge, the fact that officers knew of his identity and the significant corroboration of the tip, officers had an objectively reasonable belief that Moreira lived at the Bunker Avenue residence on April 29, 2006.

**IT IS THEREFORE ORDERED** that defendant's Motion To Alter Or Amend Judgment Pursuant To Rule 59(e) (Doc. #264) filed January 17, 2007 be and hereby is **SUSTAINED in part**. The

---

[2] Likewise, the sentence on page 6 of the order which reads: "The informant told officers the precise location of the residence based on his personal visits to the location to obtain narcotics" should not include the language "to obtain narcotics."

Court's <u>Memorandum And Order</u> (Doc. #263) is amended as discussed above. An amended memorandum and order is entered contemporaneously with this order.

Dated this 9th day of February, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
