**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 06-20021-12-KHV** |
| **ALBERTO PEREZ-JACOME,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

On October 30, 2007, the Court conducted a hearing on defendant's pending motions to withdraw his guilty plea. At that time, the Court advised defendant that it was inclined to let him withdraw his guilty plea but strongly questioned the wisdom of his decision to seek such relief. On reflection, the Court is convinced that its comments effectively constituted judicial participation in the plea negotiation process for purposes of Rule 11, Fed. R. Crim. P. See United States v. Cano-Varela, 497 F.3d 1122, 1132-34 (10th Cir. 2007). Rule 11 is designed to totally eliminate judicial pressure from the plea bargaining process. Id. at 1132. Arguably, the Court's comments were permissible because the parties had already reached a plea agreement. See United States v. Carver, 160 F.3d 1266, 1269 (10th Cir. 1998) (Rule 11's stringent prohibitions do not apply after parties have concluded agreement). Even so, in light of the fact that the Court stated that it would allow defendant to withdraw his plea if he wanted to do so, the Court's comments about the probable consequences of such a decision were functionally coercive under Cano-Verala. See 497 F.3d at 1133 (any discussion of penal consequences of guilty plea as compared to going to trial is inherently coercive, no matter how well-intentioned).

**IT IS THEREFORE ORDERED** that Judge Vratil recuses herself from this case. The

Clerk is directed to randomly re-assign this case to another district judge for further proceedings.

Dated this 16th day of November, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
