# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff/Respondent,        ) | |
| )  | |
| v.        ) | Case No. 06-20021 |
| )  | 11-2159 |
| ALBERTO PEREZ-JACOME,        ) | |
| )  | |
| Defendant/Petitioner.        ) | |
| )  | |

## MEMORANDUM AND ORDER

Alberto Perez-Jacome was convicted following a jury trial of conspiracy to possess with intent to distribute methamphetamine, cocaine, and marijuana; possession with intent to distribute 50 grams or more of methamphetamine; possession with intent to distribute 500 grams or more of cocaine; and possession with intent to distribute marijuana. He received a 132-month sentence. Mr. Perez-Jacome filed a direct appeal on February 26, 2009 (doc. 600). The Tenth Circuit denied the appeal, issuing judgment on December 16, 2009 and filing a mandate on January 7, 2010.

Mr. Perez-Jacome's case is once again before this court on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 683). For the reasons set forth below, this motion is denied.

1.     **Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment

was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, at *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

## 2.  Timeliness of § 2255 Petition

Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255.[1] 28 U.S.C. § 2255(f). If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's

---

[1] 28 U.S.C. § 2255(f) permits the limitation period to run from the latest of four circumstances. Only § 2255(f)(1) is applicable here.

affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for a writ of certiorari is timely when it is filed within 90 days after entry of the judgment. Sup. Ct. R. 13.1. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . and not from the issuance date of the mandate." Sup. Ct. R. 13.3.

Here, the appellate judgment against Mr. Perez-Jacome was entered on December 16, 2009. His conviction became final when time expired for filing a petition for certiorari–90 days from the entry of judgment. The 90-day time expired, and Mr. Perez-Jacome's conviction became final for purposes of the § 2255 limitations period, on March 16, 2010. The current motion, although received by the court on March 18, 2011, is deemed filed on March 11, 2011[2] (*See* doc. 683, at 13). It is therefore timely.

## 3.      Ineffective Assistance of Counsel

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his attorney's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have

---

[2] A § 2255 petition is deemed filed on the date on which he delivered it to prison officials for mailing. *See Burger v. Scott*, 317 F.3d 1133, 1136 n.3 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)) (stating that a § 2255 petition is deemed filed on the date it is delivered to prison officials for mailing).

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).  As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687).  Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)).  "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

4

Mr. Perez-Jacome contends that his attorney was ineffective on five grounds: failure to challenge the insufficiency of evidence for the convictions; failure to properly challenge evidence obtained pursuant to an unconstitutional search and seizure; failure to challenge evidence obtained pursuant to an unlawful arrest; failure to seek a downward departure at sentencing for Mr. Perez-Jacome's status as a deportable alien; and  failure to challenge the sentence imposed where "custodial sentences are more severe than probatory sentences of equivalent terms."

A.    *Ground 1 - Insufficiency of Evidence*

Mr. Perez-Jacome maintains that his attorney was ineffective for failing to challenge the insufficiency of evidence to convict.  The record, however, contradicts Mr. Perez-Jacome's assertion.   At the close of the government's evidence, Mr. Perez-Jacome's attorney moved for a judgment of acquittal, specifically challenging the sufficiency of the evidence on all counts, pursuant to Fed. R. Crim. P. 29 (doc. 567). The court took the motion under advisement until the close of all evidence, after which, the motion was granted as to one count charged in the indictment.  In addition, after the jury returned its verdict, Mr. Perez-Jacome's attorney filed a motion to vacate the judgment or for a new trial, incorporating his challenge to the sufficiency of the evidence made during trial (doc. 561).

Thus, Mr. Perez-Jacome's contention that his attorney failed to challenge the sufficiency of the evidence is without merit and provides no basis for § 2255 relief.

B.    *Ground 2 - Evidence Obtained Pursuant to Unconstitutional Search and Seizure*

Mr. Perez-Jacome alleges that his attorney was ineffective for failing to "properly" argue that evidence was obtained pursuant to an unconstitutional search and seizure on direct appeal. Mr. Perez-Jacome fails to identify how his attorney was deficient in raising the issue.

Prior to trial, his attorney filed a motion to suppress evidence and statements (doc. 288), arguing, in part, that evidence had been obtained pursuant to an unconstitutional search and seizure. The district court overruled that motion (doc. 263). His attorney again raised the issue on direct appeal. The Tenth Circuit affirmed, finding "the district court properly denied Mr. Perez-Jacome's motion to suppress the evidence found in his home and his statement" (doc. 628).

Mr. Perez-Jacome's conclusory statement that his attorney failed to "properly" raise the issue on direct appeal is insufficient for this court to find that his attorney acted improperly and that such action affected the outcome of his case. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994).

*C. Ground 3 - Evidence Obtained Pursuant to an Unlawful Arrest*

Mr. Perez-Jacome asserts that his attorney was ineffective for failing to file a motion to suppress evidence obtained pursuant to an unlawful arrest. He provides no specific information, however, on how and why his attorney should have filed this motion or how his attorney's failure to do so prejudiced his defense.

In evaluating the effectiveness of counsel, "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Thus, Mr. Perez-Jacome's conclusory allegations are insufficient to warrant § 2255 relief. *Fisher*, 38 F.3d at 1147.

*D.  Ground 4 - Downward Departure for Status as a Deportable Alien*

Mr. Perez-Jacome argues that his counsel was ineffective for failing to seek a downward departure at sentencing because Mr. Perez-Jacome's status as a deportable alien made him ineligible for minimum security confinement, drug programs, and pre-release custody in violation of the Constitution's guarantee of equal protection.

Although Mr. Perez-Jacome's attorney might have moved for a downward departure on the grounds of his status as a deportable alien, the Tenth Circuit has concluded that "collateral consequences of deportable alien status," such as those asserted by Mr. Perez-Jacome, are not a basis for granting a downward departure. *See United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998). *See also United States v. Tamayo*, 162 Fed. App'x 813, 814 (10th Cir. Jan. 11, 2006) (unpublished opinion) (holding that the "collateral consequences" of being a deportable alien, such as being ineligible to serve the sentence in a minimum security prison or to spend a portion of it in a halfway house or in home confinement, do not warrant a downward departure). Because the Court would have denied any request for a departure

7

based on deportable alien status in accordance with Tenth Circuit precedent, it was reasonable for Mr. Perez-Jacome's attorney not to request the departure. Consequently, Mr. Perez-Jacome cannot establish that he suffered prejudice from his counsel's failure to make such a request.

For these reasons, Mr. Perez-Jacome cannot demonstrate that his attorney's failure to seek a downward departure provides a basis for § 2255 relief.

*E. Ground 5 - Unreasonable Sentence*

Mr. Perez-Jacome seems to argue that his counsel was ineffective for failing to challenge the sentence imposed due to policy considerations. Specifically, he argues that "custodial sentences are more severe than probatory sentences of equivalent terms." In his reply, Mr. Perez-Jacome clarifies that the sentence imposed is unreasonable because (1) he was not granted a downward adjustment for his minor role in the criminal activity under U.S.S.G. § 3B1.2(b), (2) he was not considered for limitation on applicability of statutory minimum sentences under 18 U.S.C. § 3553(f) (safety valve provision), and (3) his sentence did not comport with the sentencing factors set forth in 18 U.S.C. § 3553(a). For each of these grounds, Mr. Perez-Jacome fails to identify how his counsel was ineffective or how his attorney's actions prejudiced his defense.

1. Minor Role Adjustment

Mr. Perez-Jacome seems to assert that his attorney was ineffective for failing to obtain a downward adjustment for his role in the offense under U.S.S.G. § 3B1.2. In the Presentence Investigation Report, Mr. Perez-Jacome was granted a two-level downward

8

adjustment as a minor participant under § 3B1.2(b).  His attorney objected to the §

3B1.2(b) adjustment, arguing that Mr. Perez-Jacome was eligible for a three- or four-

level downward adjustment as a minimal participant under § 3B1.2(a).  The Government

also opposed the § 3B1.2 adjustment, arguing that Mr. Perez-Jacome was ineligible for

any downward adjustment for his role in the offense.  At sentencing, Mr. Perez-Jacome's

attorney argued, at length, that his client played only a minimal or minor role in the

offense.  The court rejected the argument, ruling that Mr. Perez-Jacome's actions of

maintaining a stash house for illegal drugs and weapons was an integral part of the

criminal activity (docs. 597, 609).

Thus, Mr. Perez-Jacome has failed to identify any cognizable deficiency in his

counsel's performance.

2.  Safety Valve Eligibility

Mr. Perez-Jacome contends that his attorney was ineffective for failing to pursue

safety valve eligibility during sentencing.  Under 18 U.S.C. § 3553(f), known as the

safety valve exception, courts may "disregard a statutory mandatory minimum sentence

and instead impose a sentence within the advisory sentencing guidelines range, if the

defendant meets five criteria." *United States v. Altamirano-Quintero*, 511 F.3d 1087,

1090 (10th Cir. 2007).  Specifically, a defendant must satisfy the following requirements:

> (1) the defendant does not have more than 1 criminal history point, as
> determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or
> possess a firearm or other dangerous weapon (or induce another

9

participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Mr. Perez-Jacome fails to satisfy at least one of the criteria: the court found that he failed to truthfully provide the Government with full and accurate information.[3] Thus, he would not be eligible for the safety valve exception. *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276-77 (10th Cir. 2004) (finding defendant was not entitled to safety valve reduction because he provided incomplete or contradictory information).

As such, although Mr. Perez-Jacome's attorney failed to raise safety valve eligibility at Mr. Perez-Jacome's sentencing, Mr. Perez-Jacome cannot show that he was

---

[3] The court found that at the time of sentencing, Mr. Perez-Jacome had "not acknowledged the extent of his complicity [in the offense]" (doc. 609, at 48).

10

prejudiced by his attorney's actions.

3.  Consideration of 18 U.S.C. § 3553(a) Factors

Mr. Perez-Jacome seems to argue that his counsel was ineffective for failing to challenge the sentence imposed as failing to comport with the 18 U.S.C. § 3553(a) sentencing factors.  During sentencing the court reiterated that the sentencing guidelines were advisory, and then used the factors set forth in § 3553 to determine the sentence was "sufficient but not greater than necessary to carry out Congress's objectives" (doc. 609, at 47-49).  In consideration of the § 3553(a) sentencing factors, the court imposed a downward variance from the applicable guideline range.

Mr. Perez-Jacome does not specify how his attorney was deficient in failing to challenge the sentence imposed nor how he was prejudiced by his attorney's actions.  Thus, this claim is not grounds for § 2255 relief.

F.   *Procedural Default*

Mr. Perez-Jacome asserts several arguments relating to the unfairness of the sentencing guidelines.  Specifically, he contends that differential treatment of citizen inmates and deportable alien inmates by the Bureau of Prisons is a violation of the constitutional guarantee of equal protection.   Mr. Perez-Jacome also argues that "custodial sentences are more severe than probatory sentences,"and "a long sentence does not promote the ability to reform."  These arguments could have been raised on direct appeal.

"Generally, a habeas petition cannot be used to substitute for direct appeal." *Latu*

11

*v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004). Thus, § 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." *Warner*, 23 F.3d at 291 (citations omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

Mr. Perez-Jacome has made no effort to establish cause excusing the procedural default. Thus, Mr. Perez-Jacome is barred from challenging his sentence in his habeas petition.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 683) is dismissed.

**IT IS SO ORDERED** this 11th day of August, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

12