**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  **06-20021-JWL** |
| ) | **11-02159-JWL** |
| **ALBERTO PEREZ-JACOME,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Alberto Perez-Jacome was convicted following a jury trial of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of cocaine, and a detectable amount of marijuana; possession with intent to distribute 50 grams or more of methamphetamine; possession with intent to distribute 500 grams or more of cocaine; and possession with intent to distribute marijuana (doc. 570).  The court entered judgment on defendant's criminal conviction on February 19, 2009 (doc. 599).  His conviction was affirmed by the Tenth Circuit Court of Appeals on December 16, 2009.  *United States v. Perez-Jacome*, 356 Fed. App'x 212, 216 (10th Cir. 2009).  Mr. Perez-Jacome subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence on five grounds (doc. 683).  That motion was denied on August 11, 2011 (docs. 689, 690).

Mr. Perez-Jacome's case is once again before this court on a motion to dismiss indictment, filed January 17, 2012 (doc. 691). For the reasons set forth below, this motion is denied.

## ANALYSIS

In his motion, Mr. Perez-Jacome contends that the indictment filed against him was insufficient and void in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it failed to provide fair notice of the type and amounts of drugs and the range of penalties, as outlined in 21 U.S.C. § 841(b).

**1. Timeliness**

Federal Rule of Criminal Procedure 12(b)(3) provides that "a motion alleging a defect in the indictment" "must be made before trial." If the alleged defect is that the indictment fails to state an offense, the claim may be raised "at any time while the case is pending," Fed. R. Crim. P. 12(b)(3), including "for the first time on [direct] appeal," *United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007). Where a defendant files a motion to dismiss indictment long after judgment was entered, however, the motion may not be considered by the court. *United States v. Carranza-Hurtado*, No. 11-2154, 2012 WL 75961, at * 2 (10th Cir. Jan. 11, 2012).

Here, Mr. Perez-Jacome filed the motion to dismiss indictment over three years after judgment was entered. His appeal was concluded over two years ago, and Mr. Perez-Jacome has already been denied habeas relief. As such, the motion to dismiss indictment was not timely filed and may not be considered by the court.

**2. Recharacterization as a § 2255 Petition**

The court is not required to recharacterize a motion under § 2255 where relief is, "at least facially," barred as untimely or as a second or successive habeas petition. *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).

Here, Mr. Perez-Jacome has already filed a § 2255 motion, and the one-year limitations period for filing a habeas petition has expired.[1]  He did not present grounds to overcome either of these procedural barriers.  As such, the court will not recharacterize the defendant's motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss indictment (doc. 691) is denied.

**IT IS SO ORDERED** this 28th day of March, 2012.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge

---

[1] As the court previously outlined, Mr. Perez-Jacome's one-year limitations period for filing a § 2255 petition expired on March 16, 2011. *United States v. Perez-Jacome*, Nos. 06-20021, 11-2159, 2011 WL 3516078, at *1 (D. Kan. Aug. 11, 2011).