IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                  **Case No. 06-20021-JWL**

**Alberto Perez-Jacome,**

      **Defendant.**

**<u>MEMORANDUM & ORDER</u>**

During the course of an investigation into a drug-trafficking ring, the Drug Enforcement Administration (DEA), on April 29, 2006, searched a residence at 1814 Bunker, Kansas City, Kansas and Mr. Perez-Jacome's vehicle, which was parked in the driveway of the residence. Following the search, DEA Agents seized numerous firearms and ammunition, quantities of cocaine, methamphetamine, marijuana, and MDMA pills, several digital scales, as well as $7,002.00 in U.S. currency from the residence, $3,058.00 from Perez-Jacome's vehicle, and $4,373.00 from a co-defendant's person. In May 2006, Mr. Perez-Jacome was indicted for various drug crimes and ultimately was convicted of multiple drug offenses. He was sentenced to 132 months' imprisonment. Mr. Perez-Jacome appealed his conviction to the Tenth Circuit and his conviction was affirmed in December 2009.

In May 2012, Mr. Perez-Jacome filed a Rule 41(g) motion for return of property seeking the return of a 1997 Dodge Caravan and $45.00 in U.S. currency that he claims were seized at the time of his arrest. This court denied the motion to return property as to the 1997 Dodge Caravan because there was no evidence that the government had in fact seized or retained

possession of the vehicle.  With respect to the return of $45.00 in U.S. currency, the court dismissed the motion for lack of jurisdiction.  Specifically, the court concluded that all currency seized was administratively forfeited by the DEA and Mr. Perez-Jacome failed to challenge the forfeiture through the appropriate administrative and judicial procedures.

In his reply brief on the Rule 41(g) motion, Mr. Perez-Jacome requested leave to file a supplemental pleading to raise a new argument—that the administrative forfeiture proceedings were improper.  The court established a briefing schedule relating to the supplemental pleading and that briefing is now complete.  In the most recent round of briefing related to Mr. Perez-Jacome's motion to return property, he contends that the forfeiture should be set aside and $14,433 returned to him in light of various asserted deficiencies in the forfeiture process.  This aspect of Mr. Perez-Jacome's motion is denied as time-barred.  The Civil Asset Forfeiture Reform Act of 2000 requires that any motion to set aside a forfeiture must be filed within five years of final publication of notice of seizure of the property.  18 U.S.C. § 983(e)(3).  The DEA published final notice of the seizure in the Wall Street Journal on July 10, 2006.  More than five years elapsed before Mr. Perez-Jacome filed his motion challenging the forfeiture.  His motion, then, is denied.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for leave to file a supplemental pleading (doc. 701) is denied.

---

[1] Mr. Perez-Jacome contends that the five-year statute of limitations in § 983(e)(3) did not begin to run until his conviction became "final" in March 26, 2010.  He offers no authority for his interpretation of the statute and it is clearly inconsistent with the plain language of the statute.

2

**IT IS SO ORDERED**.

Dated this 26th day of October, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
